MARTIN J. EVERSON, ESQ. (State Bar No. 76350)
JOSEPH E. FINKEL, ESQ. (State Bar No. 167397)
AARON T. SCHULTZ, ESQ. (State Bar No. 222949)
GALLOWAY, LUCCHESE, EVERSON & PICCHI
A Professional Corporation
1676 North California Blvd., Suite 500
Walnut Creek, CA  94596-4183
Tel. No. (925) 930-9090; Fax No. (925) 930-9035
E-mail: aschultz@glattys.com

Attorneys for Defendant
BABCOCK & WILCOX CONSTRUCTION CO., INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD L.A. McWHORTER,<br><br>          Plaintiff,<br><br>     vs.<br><br>BABCOCK & WILCOX CONSTRUCTION CO., INC.,<br><br>          Defendants. | Case No.   C07 04341 JW<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>**28 U.S.C. §§ 1441(B)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant BABCOCK & WILCOX CONSTRUCTION CO., INC. ("B&W") hereby removes to this Court the above-described action from the Contra Costa County Superior Court, Case No. C07 00551, where the action is now pending, pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1441 and 1446.  In support thereof, B&W states as follows:

**BACKGROUND**

1. BABCOCK & WILCOX CONSTRUCTION CO., INC. is the sole named defendant in the above-entitled action.

//

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

1

**: NOTICE OF REMOVAL OF ACTION**

220-8110/ATS/335423.doc

2. The above-entitled action was filed in the Contra Costa County Superior Court on March 27, 2007 as Case No, C07 00551, and is now pending in that court. On or about July 20, 2007, plaintiff mailed forms requesting plaintiff acknowledge receipt of the summons and complaint to defendant B&W's designated agent for service of process in Los Angeles, California, pursuant to California Code of Civil Procedure § 415.30. Defendant B&W has not signed, nor returned to plaintiff, the Notice of Acknowledgment of Receipt of the Summons and Complaint, and thus plaintiff has not perfected service to date on defendant B&W pursuant to C.C.P. § 415.30. Further, to date plaintiff has not perfected service of process on Defendant B&W by any other means. *See* Declaration of Aaron T. Schultz, ¶ 2; *see also* **Exhibit A**, plaintiff's Summons, Complaint, and Civil Cover Sheet, attached hereto the Declaration of Schultz.

3. The Complaint alleges that plaintiff was employed with B&W as a boilermaker for several years under a union contract entered into by both plaintiff and B&W. *See* Complaint ¶ 6. He alleges that defendant B&W breached the terms of this agreement, and breached an implied covenant of good faith and an implied covenant not to terminate without good cause when defendant B&W allegedly terminated his employment after he suffered an injury at a jobsite. *See* Complaint ¶¶ 6 – 9.

**REMOVAL PROCEDURE**

4. This notice of removal is timely because it was filed within (30) days of service. *See* 28 U.S.C. § 1446(b). Attached as **Exhibit A** to the Declaration of Aaron T. Schultz is a true and correct copy of the Summons, Complaint, and the Civil Case Cover Sheet filed with the court in this action. Defendant B&W is unaware of any other pleadings that have been filed in this matter. *See* Declaration of Schultz, ¶ 4.

5. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d)

6. A copy of this notice will be filed with the clerk of the Contra Costa County Superior Court as required by 28 U.S.C. § 1446(d).

//

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

2

**: NOTICE OF REMOVAL OF ACTION**      220-8110/ATS/335423.doc

## FEDERAL QUESTION JURISDICTION –
## LABOR MANAGEMENT RELATIONS ACT § 301

7. The above-described action is a civil action of which this Court has original jurisdiction in that it is founded on a claim of right arising under the Constitution, treatise or laws of the United States. It thus may be removed pursuant to 28 U.S.C. §S 1331 and 1441(b).

8. Specifically, plaintiff is a boilermaker who at times relevant to the Complaint worked for defendant B&W pursuant to the terms of an agreement between defendant B&W, plaintiff and his union. *See* Complaint, ¶ 6. This collective bargaining agreement ("CBA"), in force between the parties at all relevant times, governs the rights, duties and relationship of the parties in this lawsuit. The subject matter of this lawsuit concerns the respective rights and obligations of the parties adherent to their employment relationship and the CBA. Accordingly, determination as to plaintiff's claims requires interpretation of the CBA, and plaintiff's claims are therefore preempted by Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a). *See Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 211 (1985); *Stallcop v. Kaiser Foundation Hosps.*, 820 F.2d 1044, 1048 (9th Cir.1987); *Bale v. General Tel. Co.*, 795 F.2d 775, 779-80 (9th Cir.1986).

## DIVERSITY JURISDICTION

9. <u>Diversity of Citizenship</u>. The above-described action is a civil action of which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.

10. At all relevant times, there has been diversity of citizenship between the parties to the action. B&W is informed and believes that plaintiff, at the time this action was commenced, was a citizen and resident of the State of California. *See* Complaint ¶ 1.

11. B&W is not a citizen of the State of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

3

**: NOTICE OF REMOVAL OF ACTION**

220-8110/ATS/335423.doc

1  principle place of business …" 28 U.S.C. § 1332(c)(1).  B&W has never been incorporated in
2  California.  Rather, at the time this action was commenced, B&W was, and is now, a corporation
3  organized and incorporated under the laws of the State of Delaware.  Nor is California the state
4  in which B&W has its principle place of business.  Rather, B&W's principle place of business is
5  located in Barberton, Ohio.[1]

6      12.    *Amount in Controversy*.  B&W states, for the sole purposes of this Notice, that
7  the requested monetary recovery would exceed $75,000 if plaintiff were to prevail on his claims,
8  exclusive of interest and costs.  *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376
9  (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case
10 is removable if the removing defendant can show by a preponderance of the evidence that the
11 jurisdictional amount is present.);  *see also Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1031-
12 35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost earning
13 capacity, medical expenses, emotional distress, and attorneys' fees was enough to put the
14 amount in controversy above $75,000.)

15     13.    Plaintiff's alleges that he worked for defendant B&W for some 15 years and
16 received regular raises and promotions as a result of his performance and was generally an
17 exemplary employee.  Plaintiff further contends that as part of the employment agreement
18 between defendant and plaintiff, written and otherwise, defendant was precluded from firing
19 plaintiff so long as plaintiff's performance was satisfactory and that he would not be discharged
20 without good and just cause.  *See* Complaint, ¶ 25.

21     14.    Plaintiff alleges that, despite these agreements, defendant fired plaintiff while he
22 lay in his hospital bed after suffering a heart attack and/or stroke while at work, and that said
23 firing was without good and just cause and contrary to the employment agreement.  *See*
24 Complaint, ¶¶ 9, 15, 21, 30, 27.

25     15.    The Complaint alleges that due to defendant's actions, plaintiff suffered wage
26 and benefit loss, loss of earning capacity, general damages and medical expenses.  *See*

---

[1] "[28 U.S.C. § 1332(c)] makes clear that every corporation has one and only one principle place of business."  *J.A. Olson Co. v. City of Winona Miss.*, 818 F.2d 401, 406 (5th Cir. 1987).

4

**: NOTICE OF REMOVAL OF ACTION**

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

220-8110/ATS/335423.doc

1  Complaint, ¶ 16, 22, 31, and p. 8, ln. 27.  He also seeks damages for emotional distress.  *See*
2  Complaint ¶¶ 32 – 37.  In addition, he seeks to recover punitive damages.  *See* Complaint, ¶ 37.
3  Finally, plaintiff seeks to recover attorneys fees.  *See* Complaint, p. 9, lns. 2, 23.

4      16.  While defendant denies any and all liability to plaintiff, defendant has a good faith
5  belief that in light of the injuries alleged, plaintiff's claims and remedies sought, this case is one
6  in which the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional
7  amount of $75,000.  The amounts sought in damages for emotional distress and punitive
8  damages are to be considered in determining the amount in controversy.  *See Bell v. Preferred*
9  *Life Assurance Society of Montgomery, Ala.,* 320 U.S. 238 (1943); *Davenport v. Mutual Benefit*
10  *Health & Accident Ass'n,* 325 F.2d 785 (9th Cir. 1963).

11  **VENUE**

12      17.  United States District Court for the Northern District of California is the
13  jurisdictional district embracing the place where Case No. C07 00551 was filed by plaintiff and is
14  therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

15  **INTRADISTRICT ASSIGNMENT**

16      18.  This case should be assigned to the San Jose Division of this Court because a
17  substantial part of the events or omissions which give rise to plaintiff's claims occurred in
18  Monterey County.  *See* Complaint, ¶¶ 4 – 9; Civ. L.R. 3-2(e).

19      WHEREFORE, defendant requests that this action proceed in this Court as an action
20  properly removed to it.

21  Dated:  August 22, 2007

22                                             GALLOWAY, LUCCHESE, EVERSON &
                                           PICCHI
23

24

25                                     By: */s/ Aaron T. Schultz*
                                      AARON T. SCHULTZ, ESQ.
                                Attorneys for Defendant
26                                  BABCOCK & WILCOX CONSTRUCTION
                                CO., INC.
27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

5

**: NOTICE OF REMOVAL OF ACTION**                                                     220-8110/ATS/335423.doc

MCWHORTER V. B&W CONSTRUCTION COMPANY

CONTRA COSTA COUNTY SUPERIOR COURT CASE NO. C07 00551

**SERVICE LIST**

| | |
|---|---|
| John R. Waterman, Esq.<br>Waterman Law<br>2950 Buskirk Avenue, Suite 315<br>Walnut Creek, CA  94597<br>Fax: | Counsel for Plaintiff EDWARD L.A. McWHORTER |

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

6

**: NOTICE OF REMOVAL OF ACTION**

220-8110/ATS/335423.doc