1  John R. Waterman, CA State Bar #215378
   WATERMAN LAW
2  2950 Buskirk Avenue, Suite 315
   Walnut Creek, California 94597
3  Telephone: (925) 285-2289

4

5  Attorney for Plaintiff
   EDWARD L.A. McWHORTER



FILED
2007 MAR 27 P 1:31
K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY K. MITCHELL

IN THE SUPREIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| EDWARD L.A. McWHORTER,<br><br>Plaintiff,<br><br>v.<br><br>BABCOCK & WILCOX CONSTRUCTION CO., INC. ~~RECON REFRACTORY &~~ ~~CONSTRUCTION, INC., a California~~ ~~corporation, CWF POWER SYSTEMS~~ ~~COMPANY, INC., a California corporation~~ and DOES 1 through 100, inclusive,<br><br>Defendants.<br><br>AND RELATED-CROSS-ACTIONS | Case No.: C07 00551<br><br>**COMPLAINT**<br><br>1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>2) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>3) BREACH OF IMPLIED COVENANT NOT TO TERMINATE EXCEPT WITH GOOD CAUSE<br>4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>5) BREACH OF CONTRACT<br><br>PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT 02 |

Comes now the Plaintiff, Ed McWhorter (Hereinafter "plaintiff"), files this complaint against defendants, Babcock & Wilcox, Construction Co., Inc., (Hereinafter "Defendant"), in support thereof alleges the following;

Plaintiff Ed McWhorter alleges:

1.  Plaintiff Ed McWhorter is an individual residing in Concord, California in the County of Contra Costa.

Complaint

1

2. Defendant Babcock & Wilcox Construction Co. is a Corporation which conducts substantial and significant business in and/or is authorized to do and/or was doing business in Contra Costa County, California.

3. Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1 through 100, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is in breach of some contract or is tortiously or otherwise legally responsible in some manner for the occurrences alleged in this complaint and for plaintiff's damages.

4. On March 27, 2006, Plaintiff was performing work on Duke Power Plant at Moss Landing, California.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including Does 1 through 100, inclusive, was the agent or employee of each of the remaining defendants and, in doing the things alleged, was acting within the scope of that agency or employment.

6. Plaintiff and Defendant Babcock & Wilcox entered into a written employment agreement as Power Generation Agreement of the Thirteen Western States for the International Brotherhood of Boilermakers, Steel Shipbuilders, and Ironworkers which both Defendant and plaintiff began operating under the terms of that written agreement. Defendant did begin performing some of its obligations under that contract and represented to plaintiff that there was a contract.

7. Plaintiff entered into the aforementioned employment agreement with Defendant and parts of the employment agreement were memorialized in writing by such things as

1  defendants' W2 Forms including, but not limited to, pay checks evidencing wage payments and
2  time slips.
3      8.    Plaintiff was employed as a boilermaker by defendant for approximately
4  seventeen years earning the wages and benefits as specified in the union agreement.
5      9.    Plaintiff last worked for defendant on or about March 27, 2006, when he was
6  terminated immediately after suffering an injury while working. He suffered a heart attack
7  and/or stroke.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

10. The true names and capacities of the defendants, DOES 1 through 100, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.

11. Defendants, and DOES 1 through 25, are and were at all times herein mentioned business organizations, form unknown, duly organized and existing under and by virtue of the laws of the State of California, and/or authorized to do business and doing business in the, County of Contra Costa, State of California.

12. At all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants and was at all times herein mentioned acting within the scope of said agency and employment. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

13. From December 2005 to March 27, 2006, Plaintiff, was employed as an boilermaker by Defendant for jobs located in Moss Landing, California, and DOES 1 through 25, and each of

them, with responsibilities including, but not limited to, overseeing fabrication and installation of stanless steel alignment bars and secondary reheat alignment panels.

14. At all times herein mentioned, Plaintiff was employed pursuant to an oral/written employment contract by Defendant and DOES 1 through 25, and each of them. At all times herein mentioned, Plaintiff performed his duties and obligations under the employment agreement referenced above, and Defendants, and each of them, knew Plaintiff had fulfilled all of the duties and conditions under the agreement.

15. Plaintiff was summarily fired when he suffered an injury at the jobsite which required medical treatment and he was delivered his notification of firing and given a final check while in a hospital bed and still being treated for a serious medical crisis. Such a firing is in violation of the public policy

16. As a proximate result of Defendants' actions in violation of public policy, Plaintiff has suffered, and continues to suffer, losses in earnings and other employment benefits, and consequential economic damages to his damage in an amount to be shown according to proof.

## SECOND CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of Plaintiff's First Cause of Action, and each and every part thereof with the same force and effect as though set out at length herein.

18. The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendant to perform the terms and conditions of the agreement fairly and in good faith and refrain from doing any act that would prevent or impede Plaintiff from performing any and all of the conditions of the contract that he agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.

19. Plaintiff performed all the duties and conditions of the employment agreement.

20. Defendant knew that Plaintiff had fulfilled all his duties and conditions under the contract.



21. Defendant breached the implied covenant of good faith and fair dealing under the employment agreement by causing Plaintiff's termination intentionally, in bad faith and for reasons extraneous to the contract. Plaintiff is informed and believes, and thereon alleges, that Defendant terminated Plaintiff without good, just or legitimate cause. Plaintiff is further informed and believes and thereon alleges that Defendant terminated his employ because, among other things, because he suffered from an injury on the job.

22. As a proximate result of Defendant' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered, and continues to suffer, losses in earnings and other employment benefits, and consequential economic damages to his damage in an amount to be shown according to proof.

### THIRD CAUSE OF ACTION

**(Breach of Implied Covenant not to Terminate except with Good Cause)**

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16 of Plaintiff's First Cause of Action, paragraphs 17 through 22 of Plaintiff's Second Cause of Action and each and every part thereof with the same force and effect as though set out at length herein.

24. Plaintiff was reasonably assured by Defendant' actions, statements and conduct that he would not be terminated arbitrarily, and Plaintiff relied as well on the content of the written and/or oral employment agreement, regarding the circumstances giving rise to employee discharge. Based on the foregoing, Plaintiff was led to conclude that he and Defendant had entered into an implied contract that Plaintiff would not be discharged unless there was good cause to do so.

25. Plaintiff was employed by Defendant for over 15 years. He had received regular raises and promotions as a result of his performance. During the time Plaintiff was employed by the Defendant, and until the conduct from which this action arises, Plaintiff had no disciplinary action, including, but not limited to, warnings, taken against him. Based on the provisions of the written employment agreement, the oral representations and promises and conduct of Defendant, as set forth above, Plaintiff had an employment contract with Defendants that he would be

employed by Defendant so long as his performance was satisfactory, and that Defendant would not cause him to be discharged without good and just cause.

26. The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendant to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff from performing any and all of the conditions of the contract that he agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.

27. Plaintiff performed all the duties and conditions of the employment agreement.

28. Defendants knew that Plaintiff had fulfilled all his duties and conditions under the contract.

29. Into the relationship between each employer and employee, the State of California implies a covenant of good faith and fair dealing. This covenant requires that each party to the employment agreement act with fairness and good faith toward the other, and that neither party should take any action to prevent the other from reaping the benefits of the relationship.

30. Without misconduct on the part of Plaintiff and without good, just or legitimate cause, Defendant breached the subject employment agreement by engaging in conduct separate and apart from performance of obligations under the agreement, without good faith and in contravention of the implied agreement not to terminate Plaintiff's employ except for good cause, by, among other things, terminating Plaintiff because of his disability.

31. Defendant's breach has resulted in Plaintiff being unable to obtain comparable employment and has resulted in substantial earnings and benefits impairment currently and extending into the future. As a result, Plaintiff has suffered, and continues to suffer, losses in income, earnings, benefits and other consequential damage in a sum to be shown according to proof.

### FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 of Plaintiff's First Cause of Action, paragraphs 16 through 22 of Plaintiff's Second Cause of

Action, paragraphs 23 through 31 of Plaintiff's Third Cause of Action and each and every part thereof with the same force and effect as though set out at length herein.

33. Plaintiff is informed and believes that the actions of Defendant, and each of them, in causing Plaintiff's employ to be terminated in contravention of public policy, the implied covenant of good faith and fair dealing, and the implied covenant not to terminate without good cause, as aforesaid, were intentional, extreme, outrageous and were done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress.

34. As a direct and proximate result of the Defendant's conduct, Plaintiff has been subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

35. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

36.. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits.

37. The conduct of Defendant in causing Plaintiff's employment to be terminated without good, just or legitimate cause subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, as it was anticipated by Defendant, and each of them, that Plaintiff would be unable to find comparable employment in the foreseeable future. Plaintiff is informed and believes, and thereon alleges, that his termination by Defendant, and each of them, was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

//

## FIFTH CAUSE OF ACTION

### (Breach of Contract)

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 of Plaintiff's First Cause of Action, paragraphs 17 through 22 of Plaintiff's Second Cause of Action, paragraphs 23 through 31 of Plaintiff's Third Cause of Action, paragraphs 32 through 37 of Plaintiff's fourth cause of action and each and every part thereof with the same force and effect as though set out at length herein.

39. Plaintiff is informed and believes and thereon alleges that the written/oral contract of employment with Defendant, as aforesaid, obligated Defendants to continue Plaintiff's employ for an indefinite period of time into the future and so long as Plaintiff fulfilled his duties and obligations under the contract.

40. Plaintiff performed all the duties and conditions of the employment agreement.

41. Defendant knew that Plaintiff had fulfilled all his duties and conditions under the contract.

42. Plaintiff is informed and believes and thereon alleges that Defendant breached the aforementioned written/oral contract of employment by causing Plaintiff's employ to be terminated without good, just or legitimate cause, in violation of California public policy and because he of injury.

43. As a direct and proximate result of Defendants' breach of the contract of employment, as aforesaid, Plaintiff has been deprived of the rights and benefits under the contract including, but not limited to, continued compensation so long as Plaintiff performed all duties and conditions under the employment agreement.

WHEREFORE, Plaintiff, Ed McWhorter, prays for judgment against the Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1. General damages in a sum according to proof;
2. Special damages including loss of income and benefits and medical expenses;
3. Punitive damages;

4. For interest provided by law including, but not limited to, Civil Code section 3291;

5. For attorney's fees in an amount to be shown according to proof, pursuant to Government Code section 12941, et seq.;

6. Costs of suit and for each other and further relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION

1. Special damages including loss of income, earnings, benefits and other consequential damages in a sum according to proof;

2. For interest provided by law including, but not limited to, Civil Code section 3291;

3. Costs of suit and for each other and further relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION

1. Special damages including loss of income, earnings, benefits and other consequential damages in a sum according to proof;

2. For interest provided by law including, but not limited to, Civil Code section 3291;

3. Costs of suit and for each other and further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION

1. General damages in a sum according to proof;

2. Special damages including loss of income and benefits and medical expenses;

3. Punitive damages in an amount to be shown according to proof;

4. For interest provided by law including, but not limited to, Civil Code section 3291;

5. Costs of suit and for each other and further relief as the Court deems just and proper.

### FIFTH CAUSE OF ACTION

1. For consequential economic loss as a result of the breach;

2. For attorney's fees and costs incurred;

3. Costs of suit and for each other and further relief as the Court deems just and proper.

DATED: March 26, 2007

By: 
JOHN R. WATERMAN
Attorneys for Plaintiff Ed McWhorter



## Superior Court of California, County of Contra Costa

# NOTICE TO PLAINTIFFS
## IN <u>UNLIMITED</u> JURISDICTION CIVIL ACTIONS

### AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants
   e. <u>Blank</u>: Case Management Conference Statement (Judicial Council form CM-110)
   f. <u>Blank</u>: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days
   g. Alternative Dispute Resolution (ADR) Information sheet

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been legally delivered to the defendants** by filing the *Proof of Service* form (POS-040) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All Parties must answer questions about ADR on the *Case Management Conference Statement* form. For more information, see the enclosed ADR information sheet, visit www.contracostacourts.org/adr or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the <u>Stipulation to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 201.7 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

**VIEW LOCAL COURT RULES AT: (WWW.CONTRACOSTACOURTS.ORG)**

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

CV-655a/Rev. 1/2/07

<u>Superior Court of California, County of Contra Costa</u>

# NOTICE TO DEFENDANTS in Unlimited Jurisdiction Civil Cases

**YOU ARE BEING SUED.** This packet should contain the following papers:

  a. The *Summons*
  b. The *Complaint*
  c. The *Notice of Case Management Conference* (shows hearing date and time)
  d. <u>Blank</u>: *Case Management Conference Statement* (Judicial Council form CM-110)
  e. Alternative Dispute Resolution (ADR) Information sheet
  f. <u>Blank</u>: *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days*

**NOTE: The court strongly recommends consulting an attorney for all or part of your case. While you may represent yourself in this case, lawsuits can be very complicated, and the court cannot give you legal advice.**



## WHAT DO I DO NOW?

You Must:

1. **Complete the <u>Case Management Conference Statement</u>** (CM-110)
2. **File a response** (See other side of page)
3. **Appear in Court on the date and time given** in the <u>Notice of Case Management Conference</u>.
4. **File and serve your court papers on time.**

**IMPORTANT! YOU COULD LOSE YOUR CASE IF YOU DO NOT FILE A RESPONSE ON TIME.**
If you were served in person **you have to file your response in 30 days.** If the server left a copy of the papers with an adult person in charge at your home or work and you also received a copy by mail you have 40 days. If you do not file a response in time, the case can be decided against you—even before it is heard by a judge or before you can defend yourself.

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms 982(a)(17)(A) [information sheet]; 982(a)(17) [application]; and 982(a)(18) [order].

**FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/.

### YOU MUST FILE AND SERVE YOUR COURT PAPERS

You <u>must</u> file your forms (1 original and 2 copies) at the clerk's office. Someone over 18 years old who is NOT involved in your court case must serve one set of forms on the Plaintiff. The server completes a Proof of Service, Judicial Council form POS-040, that you <u>must</u> file with the court promptly.

### ARE THERE ALTERNATIVES TO GOING TO TRIAL?

If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>Stipulation to Attend ADR and Delay First Case Management Conference 90 Days</u> can be filed with your other papers. For more information read the enclosed ADR information or visit www.contracostacourts.org/adr. Or call (925) 957-5787.

CV-655d/new 1/2/07

## WHAT KIND OF RESPONSES CAN I FILE

If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true you can file an Answer.

- And, if you have a claim in the same case against the plaintiff. You can file a Cross-Complaint.
- You want to ask the court to do something on your behalf, you can file a Motion (See TYPES OF MOTIONS below)

### HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers, depending on whether the Complaint was verified or not. You can tell a Complaint is verified because it says "Verified Complaint" or has a "Verification" statement on the last page.

1. There are standard court Answer forms you can use for Complaints that ARE NOT verified.
   a. For personal injury, property damage, and wrongful death claims, use Judicial Council form 982.1(15)
   b. For contract claims, use Judicial Council form 982.1(35)
   Answers for other types of claims do not have Judicial Council forms and you will have to write your own.
2. Complaints that are verified usually require Answers with Specific Denials. There are no Judicial Council forms for these. You have to write your own Answer on pleading paper and a verification statement.

You can get help with how to write your own Answer from a law librarian who will lead you to samples of Answers. Your papers must be in the format described in Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf.

**All answers include:**

1. The Denial   General Denial:   *Use the correct Judicial Council form (see the forms listed above)*
   OR
   Specific Denial:   *Be sure to deny every claim that you disagree with. For example, you might write: "I believe, or know, that the information in paragraph #___ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.*

2. Affirmative Defenses   *The Judicial Council forms have spaces for your defenses. Or, if you write your own Answer that is a Specific Denial, list each of your defenses in separate paragraphs.*

3. The Prayer or Relief   *Whether you use a Judicial Council form, or write a specific denial, you can ask the court to deny the Plaintiff's complaint and have the Plaintiff pay your costs.*

Be sure to include **all** defenses in the Answer, or you may not be able to use them later in the case.
If you are filing a cross-complaint, you must file it when you file the Answer or you may not file it later.

### TYPES OF MOTIONS

Motions ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(something is wrong with the facts stated in the complaint or it's too late to file);*
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*
4. Motion to Quash Service of Summons *(you were not legally served);*
5. Motion to Stay *(put the case on hold);* or
6. Motion to Dismiss *(stops the case).*

**NOTE: Motions are very complicated and you most likely will need to consult a lawyer to help you.**

### WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (866) 442-2529
- Bay Legal:   (800) 551-5554
  Contra Costa County Law Library        Martinez: (925) 646-2763        Richmond: (510) 374-3019
  Ask the Law Librarian:   www.247ref.org/portal/access_law3.cfm

CV-655d/new 1/2/07

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____
Plaintiff(s)
vs.
_____
Defendant(s)

**_Stipulation and Order_ to Attend ADR and Delay First Case Management Conference 90 Days**

Case No: _____   Date complaint filed: _____   First case management conference set for: _____

> ► ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE.
> ► PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE. FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
> ► THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES.

Counsel and all parties certify they have met and conferred on the subject(s) set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:

☐ Judicial mediation      ☐ Judicial arbitration      ☐ Neutral case evaluation
☐ Private mediation       ☐ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:
1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

_____   _____
Counsel for Plaintiff (print)        Fax    Counsel for Defendant (print)        Fax

_____   _____
Signature                                   Signature

_____   _____
Counsel for Plaintiff (print)        Fax    Counsel for Defendant (print)        Fax

_____   _____
Signature                                   Signature

> Pursuant to the Stipulation of the parties, and subject to the _Case Management Order_ to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff's counsel must notify all parties of the case management conference.
>
> Dated: _____
>
>                                                                  _____
>                                                                  Judge of the Superior Court

CV-655b/Rev. 1/2/07                                    Local Court Rules, Rule 5 (h)(1)(a)(5)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:  FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:
DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE    ☐ LIMITED CASE<br>(Amount demanded      (Amount demanded is $25,000<br>exceeds $25,000)        or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:        Time:        Dept.:        Div.:        Room:
Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.    The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint    ☐ cross-complaint    *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in (check all that apply):
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other (specify):

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court (specify exemption):

11. **Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement (name):
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other (specify):
    Status:

14. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

15. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. **Other motions**
    ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

CM-110 [Rev. January 1, 2007]                CASE MANAGEMENT STATEMENT                Page 3 of 4



# CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.contracostacourts.org/adr

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

CV-655c/Rev. 1/2/07

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 244 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787