1  MARTIN J. EVERSON, ESQ. (State Bar No. 76350)
   JOSEPH E. FINKEL, ESQ. (State Bar No. 167397)
2  AARON T. SCHULTZ, ESQ. (State Bar No. 222949)
   GALLOWAY, LUCCHESE, EVERSON & PICCHI
3  A Professional Corporation
   1676 North California Blvd., Suite 500
4  Walnut Creek, CA  94596-4183
   Tel. No. (925) 930-9090
5  Fax No. (925) 930-9035
   E-mail: aschultz@glattys.com
6
   Attorneys for Defendant
7  BABCOCK & WILCOX CONSTRUCTION CO., INC.

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11  EDWARD L.A. McWHORTER,              Case No.  C07 04341 JW

12          Plaintiff,                          Hon. James Ware

13      vs.                             **NOTICE OF MOTION AND MOTION TO
                                        DISMISS COMPLAINT FOR FAILURE TO
14  BABCOCK & WILCOX CONSTRUCTION CO.,  STATE A CLAIM (FED. RULE CIV. P. RULE
    INC.,                               12(B)(6); MEMORANDUM OF POINTS AND
15                                      AUTHORITIES IN SUPPORT THEREOF**
          Defendants.
16                                      [Filed Concurrently With:
                                            1.  Declaration of Aaron T. Schultz;
17                                          2.  Exhibit A to Declaration of Schultz;
                                            3.  Proof of Service
18                                          4.  [Proposed] Order.]

19                                      **Date:        October 15, 2007
                                        Time:         9:00 a.m.**
20                                      **Courtroom:  8**

21  _____

22

23

24

25

26

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF EDWARD L.A. McWHORTER AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on October 15, 2007 or as soon thereafter as counsel may be heard, in Courtroom 8, before the Honorable James Ware of this Court, defendant BABCOCK & WILCOX CONSTRUCTION CO., INC. ("B&W") will and hereby does, move this court under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint (filed in Contra Costa County Superior Court on March 27, 2007, but removed to the above entitled Court on August 22, 2007).

Defendant B&W moves to dismiss on the grounds that the Complaint fails to state a claim upon which relief may be granted in that the causes of action in the Complaint are preempted by the Federal Labor Management Relations Act, § 301 (29 U.S.C. 185); the Complaint fails to allege facts indicating plaintiff complied with the grievance procedures provided within a union contract; the claims in the Complaint are barred by the statute of limitations; and plaintiff lacks standing to file this action.

This Motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Aaron T. Schultz and the attached "Power Generation Agreement of the Thirteen Western States for the International Brotherhood of Boilermakers, Steel Shipbuilders, and Ironworkers", all pleadings, records and files in this action, and upon such oral and documentary evidence as may be presented at the hearing of this motion.

//
//
//
//
//
//
//
//

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

1

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I. STATEMENT OF ISSUES**

3    1.    Whether plaintiff's claims are preempted by the Labor Management Relations Act

4    ("LMRA"), § 301. (29 U.S.C. § 185)

5    2.    Whether plaintiff was required to plead facts that would establish that he adhered

6    to the grievance procedures set forth in the Collective Bargaining Agreement governing his work

7    for Defendant B&W.

8    3.    Whether plaintiff lacks standing to bring his claims against Defendant without

9    alleging a failure by plaintiff's union to properly pursue his grievances.

10    4.    Whether plaintiff's claims are barred by the six-month statute of limitations

11    provided in National Labor Relations Act ("NLRA"), Section 10(b). (29 U.S.C. § 160(b)).

12    **II. PROCEDURAL AND FACTUAL BACKGROUND**

13    **A.    ALLEGATIONS OF THE COMPLAINT**

14    On or about March 27, 2007, plaintiff Edward L.A. McWhorter filed his complaint with the

15    Contra Costa County Superior Court.  The complaint contains five causes of action all against

16    the single named defendant Babcock & Wilcox Constuction Co. Inc. (hereinafter "B&W").  They

17    include: (1) Wrongful Termination in Violation of Public Policy; (2) Breach of Implied Covenant of

18    Good Faith and Fair Dealing; (3) Breach of Implied Covenant not to Terminate Except with

19    Good Cause; (4) Intentional Infliction of Emotional Distress; and (5) Breach of Contract.  *See*

20    Complaint, *in toto.*

21    On or about July 20, 2007, plaintiff mailed forms requesting plaintiff acknowledge receipt

22    of the summons and complaint to defendant B&W's designated agent for service of process in

23    Los Angeles, California, pursuant to California Code of Civil Procedure § 415.30.  Defendant

24    B&W has not signed, nor returned to plaintiff, the Notice of Acknowledgment of Receipt of the

25    Summons and Complaint, and thus plaintiff has not perfected service to date on defendant B&W

26    pursuant to C.C.P. § 415.30.  On August 22, 2007 defendant B&W removed the action to this

27    Court on the grounds of Diversity and Federal Question.

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

2

1         In support of the causes of action contained within the complaint, plaintiff alleges that, at

2    some point unspecified, plaintiff and defendant entered into a written union employment. *See*

3    Complaint, ¶ 6.  Pursuant to the terms of this union contract, plaintiff claims that he worked for

4    defendant at various sites as a boilermaker for approximately seventeen years.    *See*

5    Complaint, ¶ 8.

6         From December 2005 to March 27, 2006, plaintiff was working for defendant on jobs

7    located in Moss Landing, California.  *See* Complaint, ¶ 13.  At some time on or before March 27,

8    2006 (the day stated by plaintiff to be the last day he worked for defendant), plaintiff claims that

9    while at work he suffered a heart attack and/or stroke.  *See* Complaint, ¶ 9.  Plaintiff alleges that

10   while in the hospital and still being treated for a "serious medical crisis," he was delivered

11   notification of his firing and given a final check.  *See* Complaint, ¶ 15.

12        Plaintiff contends that his alleged firing was in violation of public policy and breached an

13   implied agreement not to discharge him except for good cause.  *See* Complaint, ¶ 15, 18 – 22.

14   Plaintiff further contends that his alleged firing breached an oral and/or written contract between

15   the parties which plaintiff contends prohibited termination from employment without good cause.

16   *See* Complaint, ¶ 38 – 43.

17   **B.    THE COLLECTIVE BARGAINING AGREEMENT**

18        Plaintiff has alleged that he worked for defendant pursuant to the terms of a union

19   contract identified as the Power Generation Agreement of the Thirteen Western States for the

20   International Brotherhood of Boilermakers, Steel Shipbuilders, and Ironworkers.  (hereafter "the

21   Agreement")  *See* Complaint, ¶ 6.  Although plaintiff did not attach as part of the complaint a

22   copy of the union agreement, defendant has attached a true and correct copy of that

23   agreement.  *See* **Exhibit A**, a true and correct copy of the booklet containing the Articles of

24   Agreement between the International Brotherhood of Boilermakers, Steel Shipbuilders, and

25   Ironworkers in the thirteen Western States and Signatory Contractors, attached hereto the

26   Declaration of Aaron T. Schultz.[1]

27

28

---

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

[1] Defendant B&W is indicated as a signatory on page 68 of the Agreement.

3

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1    As set forth in the Agreement, it governs the mutual relationship between all parties to

2  that agreement.  *See* **Exhibit A**, Preamble.  Plaintiff alleges within his complaint that both he

3  and Defendant B&W are parties to that agreement and that plaintiff's work for defendant B&W

4  was pursuant to that agreement.  *See* Complaint, ¶ 6.  The Agreement further directs that all

5  employees performing work under the agreement must be a part of the Union and that the

6  Union is recognized as the sole bargaining agent for all employees covered by the Agreement.

7  *See* **Exhibit A**, Articles 2 and 3.  The Agreement itself includes sections covering all areas

8  related to employment of the individual union members including, who can do what work (*See*

9  **Exhibit A**, Article 4), referrals (*See* **Exhibit A**, Article 6), hours, pay and benefits (**Exhibit A**,

10  Articles 7 – 14), and sets forth a detailed grievance and arbitration procedure (**Exhibit A**,

11  Article 27).

12    The grievance and arbitration procedures contained in the Agreement provide

13  as follows:

14    ART. 27(b)  Grievances that may arise on any job covered by
     this Agreement shall be given consideration as follows:

15

16    ART. 27(c)  Every grievance must be presented within five (5)
     working days from the date of the occurrence of the event on
     which the grievance is based.

17

18    ART. 27(d)  Grievances that may arise on a job will be taken
     up between the Steward and the Contractor's Foremen or Agent
     in charge.  Such grievances that cannot be settled within

19    two (2) days shall be referred to the Business Representative of
     the Local Union.

20

21    Defendant now brings this motion to dismiss the complaint on the grounds that, the

22  Agreement controls claims made by plaintiff arising out of work he performed for defendant

23  B&W, and that plaintiff's claims are therefore preempted by the LMRA.  Plaintiff failed to alleged

24  compliance with the grievance procedures set forth in the Agreement, has failed to allege any

25  failure to represent his interest on the part of the union, and his claims are barred by the six

26  month statute of limitations on actions to enforce the terms of a Collective Bargaining

27  Agreement ("CBA").  For all of these reasons, Plaintiff's complaint should be dismissed without

28  leave to amend.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

4

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

### III.  LAW AND ARGUMENT

**A.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE LABOR MANAGEMENT RELATIONS ACT AND MUST BE RESOLVED ACCORDING TO THE TERMS CONTAINED WITHIN THE CBA.**

> **1.    The LMRA completely displaces state law claims arising out of a CBA and creates federal claims in their place.**

Section 301(a) of the LMRA (29 U.S.C. § 185) confers upon the federal courts jurisdiction of claims arising out of a CBA.  The act serves to completely displace state law claims arising out of a CBA and creates federal claims in their place.  *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 23 (1983). Section 301 "not only provides federal-court jurisdiction over controversies involving collective-bargaining agreements, but also 'authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements.'" *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 403-404 (1988); quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448 at 451 (1957).  This approach ensures uniform interpretation of CBAs, and thus to promotes the peaceable and consistent resolution of labor-management disputes.  *Lingle,* 486 U.S. at 404.

The preemptive effect of Section 301 has been applied to action similar to the present case where an individual union member has filed suit against an employer and party to a CBA. In *Bale v. General Telephone Co. of California,* 795 F.2d 775 (9th Cir. 1986), former employees sought damages from their former employer for allegedly tortious conduct arising from employer's representations at time of hiring. An action was initiated in state court and removed to the United States District Court for the Central District of California, which dismissed the state tort claims as preempted by federal law.  The employees appealed denial of their motions to amend judgment and to remand their state claims to state court. The Court of Appeals, held that: (1) district court had jurisdiction on removal to address pendent state claims; (2) district judge did not abuse her discretion in declining to remand state claims; and (3) Section 301 of LMRA preempted state tort claims.

//

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

5

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1    In arriving at its opinion, the Court noted that plaintiffs were members of the bargaining

2  unit covered by the collective agreement between defendant and plaintiff's union. The individual

3  employment contracts entered into by plaintiffs could therefore be effective only insofar as they

4  were consistent with the collective agreement.    Citing to the Supreme Court's opinion in *Allis-*

5  *Chalmers v. Lueck*, 471 U.S. 202 (1985), the court held that because adjudication of plaintiff's

6  state tort claims would require reference to, and interpretation of, the terms of the collective

7  bargaining agreement. Resolution of their state tort claims was "substantially dependent upon

8  analysis of the terms of an agreement made between the parties in a labor contract." *Bale,* 795

9  F.2d at 779; citing *Allis-Chalmers*, 471 U.S. at 1916.   Therefore, as is the case here, where a

10  plaintiff's claims require interpretation of a CBA, those claims are entirely displaced by federal

11  claims, which must be decided based on the terms of the CBA.

12
13
      **2.**      **Plaintiff's breach of contract claims are preempted by the LMRA and must be evaluated based on the terms of the CBA.**

14    As set forth above, plaintiff alleges that his alleged employment with defendant was

15  subject to the Agreement identified within his complaint.  *See* Complaint, ¶ 6.  Further, plaintiff

16  alleges breach of contract on the grounds that he was "informed and believes" that the

17  written/oral contact of employment obligated defendant to continue plaintiff's employ for an

18  indefinite period so long as plaintiff fulfilled his duties.  *See* Complaint, ¶¶ 39.  Plaintiff claims

19  that the alleged termination of his employment was a breach of the terms of these agreements,

20  resulting in injury to him.   *See* Complaint, ¶¶ 42, 43.   Because plaintiff alleges that his

21  employment was governed by the terms of the Agreement, his breach of contract claims are

22  preempted by section 301 of the LMRA, and must be evaluated pursuant to the terms of the

23  Agreement. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir.1993)

24    Regardless of whether plaintiff claims that the terms of the Agreement were breached or

25  some other written or oral agreement regarding his employment, all of these claims require

26  interpretation of the terms of the Agreement.  *See Chmiel v. Beverly Wilshire Hotel Co.*, 873

27  F.2d 1283, 1285-86 (9th Cir.1989); *Stallcop v. Kaiser Found. Hospitals*, 820 F.2d 1044, 1050

28  (9th Cir.1987); *Bale* 795 F.2d at 779-80 (all holding that independent agreements entered into

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

6

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1   by employees whose job positions are covered by a CBA are ineffective if not consistent with

2   the CBA, and if they are consistent with the CBA, they are preempted).  Thus, as is the case

3   here, where plaintiff has alleged that his employment was subject to the terms of a CBA, any

4   determination of his rights and/or obligations related to the employment will necessarily require

5   interpretation of the terms of the CBA and are therefore preempted.

6
7
   **3.    Plaintiff's state law causes of action for breach of the Implied Covenant of Good Faith and Fair Dealing, and breach of the Implied Covenant not to Terminate Except With Good Cause are preempted by the LMRA.**

8        Plaintiff alleges causes of action for Breach of Implied Covenant Not to Terminate

9   Except for Good Cause and Breach of Implied Covenant of Good Faith and Fair Dealing; these

10  are essentially the same claim and they fail for the same reasons.  The implied covenant tort is

11  designed to protect the job security of employees who at common law could be fired at will.

12  *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1147 (9th Cir.1988); *Garibaldi v. Lucky Food*

13  *Stores, Inc.,* 726 F.2d 1367, 1373 n. 9, 1374, & 1374-75 n. 11 (9th Cir.1984), *cert. denied,* 471

14  U.S. 1099  (1985).

15       No comparable lack of job security, however, generally exists for unionized employees,

16  whose employment relationship is governed by a collective bargaining agreement. *Newberry v.*

17  *Pacific Racing Ass'n*, 854 F.2d 1142, 1147 (9th Cir.1988) (citing *Garibaldi v. Lucky Food Stores,*

18  *Inc.*, 726 F.2d 1367, 1373 n. 9, 1374-75 n. 11 (9th Cir.1984), cert. denied, 471 U.S. 1099, 105

19  S.Ct. 2319, 85 L.Ed.2d 839 (1985)). Therefore, the courts have generally held that section 301

20  preempts California state causes of action for breach of the implied covenant of good faith and

21  fair dealing when an employee enjoys comparable job security under a collective bargaining

22  agreement. See, e.g., *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 238-39 (9th Cir.1990);

23  *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir.1989); *Young v. Anthony's*

24  *Fish Grottos, Inc.*, 830 F.2d 993, 999 (9th Cir.1987).  See also *Milne Employees Ass'n v. Sun*

25  *Carriers,* 960 F.2d 1401, *1410 -1411 (C.A.9 (Cal.), 1991.)

26       The Agreement referred to by plaintiff encompasses nearly every aspect of employment

27  between workers and the contractors.  The provisions that it includes, which are too numerous

28  to mention here, exceed those provisions required by California law to all employees.  *See*

GALLOWAY, LUCCHESE, EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

7

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1   **Exhibit A,** *in toto.* It is clear from the contract that the relationship between the union and its

2   contractors differs from that of a store or factory in that the union agrees to provide workers at

3   the request of the contractors and that those workers then work for the contractor for a given

4   time until the project in completed or until their skills are no longer required.  *See* generally

5   **Exhibit A,** Article 6, Referral of Men.  However, the Agreement does include provisions that

6   provide that workers will only be discharged only for bona fide reasons, and/or any just and

7   "sufficient cause".  *See* **Exhibit A,** Article 6(a)(3).  These provisions provide as much or more

8   protection than is provided under state law and thus, pursuant to the reasoning of the cases

9   discussed above, the Agreement should control plaintiff's claims and they are preempted by the

10  LMRA § 301.

11

12          **4.      Plaintiff's claim for violations of California public policy is preempted by
                      the LMRA.**

13          Plaintiff alleges that his "firing" following an injury he suffered at the jobsite was a

14  violation of public policy.  *See* Complaint, ¶¶ 10 – 16.  This claim, like his others, is preempted

15  by the LMRA.  A claim that a discharge violates public policy "is preempted ... if it is not based

16  on any genuine state public policy, or if it is bound up with interpretation of the collective

17  bargaining agreement and furthers no state policy independent of the employment relationship."

18  *Jackson v. So. Cal. Gas Co.*, 881 F.2d 638, 643-44 (9th Cir.1989) (quoting *Young v. Anthony's

19  Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir.1987)).  To maintain a claim for wrongful discharge in

20  violation of public policy under California law, the public policy must be "firmly established,"

21  "fundamental," and "substantial." *Foley v. Interactive Data, Corp.*, 47 Cal.3d 654, 670, 254

22  Cal.Rptr. 211, 218 n. 11 (1988) (quoting *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 172,

23  176-77 (1980)). Furthermore, the discharge must affect "a duty that inures to the benefit of the

24  public at large rather than to a particular employer or employee." *Id.* at 669.  Thus to escape

25  preemption, plaintiff must first establish that a policy meeting the *Jackson* definition has been

26  violated, and that plaintiff's claims can be resolved without interpretation of the CBA.  Those

27  conditions do not exist in this case.

28  //

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

8

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT                          220-8110/ATS/336129.doc

First, plaintiff's allegations in support of his public policy claim fail to identify any specific recognized public policy or statute that defendant is accused of violating.  Therefore, he has failed to allege facts sufficient to demonstrate that the alleged acts of defendant violated a genuine state public policy (i.e. a public policy that is "firmly established," "fundamental," and "substantial" as set forth in *Foley v. Interactive Data, Corp.*, 47 Cal.3d at 670.)  Further, even if plaintiff did allege these facts, it is clear by a reading of the Agreement that plaintiff's claims are inexorably intertwined with the terms of the CBA.  Specifically, the Agreement sets forth provisions related to sick or injured workers and their respective rights under the Agreement (s*ee* **Exhibit A**, Article 29), and sets forth the procedure by which the employer can obtain and dismiss workers.  (s*ee* **Exhibit A**, Article 6)

Plaintiff's allegations fail to allege facts sufficient to state a cause of action for violation of public policy and the facts as alleged in this cause of action establish that it is subject to preemption by the LMRA and a determination as to whether Defendant B&W improperly discharged plaintiff requires an evaluation of the terms contained in the Agreement.  For these reasons, plaintiff's claim for a violation of public policy is preempted.

**5.    Plaintiff's Emotional Distress Claims are preempted by the LMRA.**

Plaintiff's complaint alleges intentional and negligent infliction of emotional distress due to his discharge. This claim arises out of the same conduct which formed the basis of his preempted wrongful termination claims. A determination of the validity of plaintiff's emotional distress claim against Defendant B&W requires a determination as to whether his discharge was justified under the terms of the Agreement and is therefore inextricably intertwined with the interpretation of the Agreement and preempted.  *See Chmiel v. Beverly Wilshire Hotel Co.,* 873 F.2d 1283, 1286 (9th Cir. 1989); citing *Newberry v. Pac. Racing Assoc.,* 854 F.2d 1142, 1149-50 (9th Cir.1988).  For these reasons, plaintiff's emotional distress claims are also preempted.

**B.    THE COMPLAINT FAILS TO ALLEGE FACTS DEMONSTRATING ADHERENCE TO THE GRIEVANCE PROCEDURES SET FORTH IN THE AGREEMENT AND THEREFORE SHOULD BE DISMISSED**

As established above, all of plaintiff's claims are preempted by the LMRA and a determination as to whether Defendant B&W breached the terms of its employment agreement

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

9

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1   with plaintiff must be evaluated based on the terms of the Agreement which plaintiff alleges was

2   in force at the time of the incident.   *See* Complaint, ¶ 6.   This Agreement includes detailed

3   provisions setting forth a procedure for handling grievances that requires a worker's complaints

4   to first be presented by the union steward to the contractor's foreman or agent.     It then

5   proscribes a set of procedures on how grievances must be processed and resolved, eventually

6   resulting in mandatory and binding arbitration.   *See* **Exhibit A**, Article 27.   These provisions are

7   central to the Agreement entered into by defendant B&W and plaintiff's union.   Compliance with

8   these grievance procedures is a prerequisite for bringing an action against defendant B&W.

9   Plaintiff has not alleged compliance with these provisions and therefore his complaint fails to

10  state a claim.

11

12          1.      **Plaintiff is required to comply with the grievance procedures set forth in the Agreement.**

13          The exhaustion of administrative remedies is a procedural prerequisite to maintaining a

14  Section 301 action. *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 771 (7th Cir.1991). As stated

15  in *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652-653 (1965):

16                  As a general rule in cases to which federal law applies, federal
                    labor policy requires that individual employees wishing to assert
17                  contract grievances must attempt use of the contract grievance
                    procedure agreed upon by employer and union as the mode of
18                  redress. If the union refuses to press or only perfunctorily presses
                    the individual's claim, differences may arise as to the forms of
19                  redress then available. [Citation Omitted] But unless the contract
                    provides otherwise, there can be no doubt that the employee must
20                  afford the union the opportunity to act on his behalf.

21          As explained by the Court, "a contrary rule which would permit an individual employee to

22  completely sidestep available grievance procedures in favor of a lawsuit has little to commend it.

23  In addition to cutting across the interests already mentioned, it would deprive employer and

24  union of the ability to establish a uniform and exclusive method for orderly settlement of

25  employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its

26  desirability as a method of settlement. A rule creating such a situation 'would inevitably exert a

27  disruptive influence upon both the negotiation and administration of collective agreements.'"

28  //

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

                                                    10

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO          220-8110/ATS/336129.doc
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1   *Republic Steel,* at 653; citing *Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of*

2   *America v. Lucas Flour Co.* 369 U.S. 95, 104 (1962).

3         **2.    The CBA in force in this case provided a specific set of procedures for bringing grievances against the defendant B&W, plaintiff has not alleged compliance with these procedures and thus his claim should be dismissed.**

4

5         Where an impenetrable defense is disclosed on the face of the complaint, plaintiff is

6   obligated to "plead around" or avoid the defense in order to state a claim upon which relief can

7   be granted. *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F3d 899, 901 (7th Cir. 2004).

8   Plaintiff's complaint is devoid of any allegations that would support a claim that he complied with

9   the grievance procedures set forth in the Agreement and his claims must therefore be

10   dismissed.

11         The grievance procedures set forth in the Agreement referred to in plaintiff's complaint

12   set forth a detailed procedure for handling disputes with the contractor that begins with the

13   member's Steward bringing the issue up with the contractor's agent or foreman, and concludes

14   with arbitration. *See* **Exhibit A**, Article 27. Here, plaintiff has bypassed all of these procedures

15   and filed a complaint in state court. There is no explanation or excuse within the complaint for

16   his failure to comply with the grievance procedures set forth in Article 27 of the Agreement. As

17   stated in *Republic Steel,* the exhaustion of the remedies provided for in a CBA's grievance

18   procedures is a prerequisite for bringing an action against his employer. Plaintiff's failure to

19   allege facts which would plead around this requirement indicate that plaintiff is unable to state a

20   claim for which relief may be provided and his claims must therefore be dismissed. 379 U.S. at

21   652; *see also DelCostello v. International Broth. of Teamsters,* 462 U.S. 151, 163 (1983).

22   **C.    PLAINTIFF LACKS STANDING TO SUE DEFENDANT B&W**

23         In LMRA actions, an individual employee has no standing to file an action against his

24   employer without also claiming unfair representation against his union. As noted in *DelCostello,*

25   *supra,* 462 U.S. at 163, "[i]t has long been established that an individual employee may bring

26   suit against his employer for breach of a collective bargaining agreement." *See also Smith v.*

27   *Evening News Assn.*, 371 U.S. 195 (1962). As pointed out above, ordinarily the employee is

28   required to exhaust any grievance or arbitration remedies provided in the Agreement. However,

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

11

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1  as it has been recognized that this rule may result in an injustice when the union fails to

2  adequately represent the employee, the courts recognized that an employee in such an

3  instance may bring a suit against both the employer and the union.    As stated in

4  *DelCostello,164 -165:*

5              Such a suit, as a formal matter, comprises two causes of action.
            The suit against the employer rests on § 301, since the employee
6            is alleging a breach of the collective bargaining agreement. The
            suit against the union is one for breach of the union's duty of fair
7            representation, which is implied under the scheme of the National
            Labor Relations Act. 'Yet the two claims are inextricably
8            interdependent. 'To prevail against either the company or the
            Union, ... [employee-plaintiffs] must not only show that their
9            discharge was contrary to the contract but must also carry the
            burden of demonstrating a breach of duty by the Union.' " *Mitchell*,
10           451 U.S., at 66-67, 101 S.Ct., at 1565-1566 (Stewart, J.,
            concurring in the judgment), quoting *Hines*, 424 U.S., at 570-571,
11           96 S.Ct., at 1059. The employee may, if he chooses, sue one
            defendant and not the other; but the case he must prove is the
12           same whether he sues one, the other, or both.

13         Thus, a basic prerequisite for bringing an action against an employer pursuant to a CBA

14  is either suing the union or, in the least, alleging a failure by the union to properly pursue the

15  union member's grievances.  A failure to so allege on the part of a plaintiff has been grounds for

16  dismissal for lack of standing.  *See Aloisi v. Lockheed Martin Energy Systems, Inc.*  321 F.3d

17  551, 558 (6th Cir. 2003); citing *Bacashihua v. United States Postal Serv.*, 859 F.2d 402, 405-06

18  (6th Cir.1988).

19         As explained in *Aloisi,* the general rule in LMRA actions is that an individual employee

20  has no standing to file an action against her employer without also filing suit against her union

21  for breach of the CBA.  This rule follows from the fact that the union and the employer, and not

22  the individual employee, are usually the only signatories to the CBA.  *Alosi,* at 558.  Such is the

23  situation in the present case. *See* **Exhibit A,** Articles 2 and 3 and pp. 65 – 73.   Without alleging

24  that the union failed to prosecute his claim, plaintiff has no standing to maintain an action

25  against B&W.

26  **D.    PLAINTIFF'S CLAIMS AGAINST B&W ARE TIME BARRED**

27         All of plaintiff's claims against B&W are completely preempted by the federal common

28  law authorized by § 301 of the LMRA as arising out of a CBA.  In *DelCostello v. Int'l Broth. of*

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

12

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1    *Teamsters* 462 U.S. at 165, the Court held that cases such as this which are governed by § 301

2    are also subject by the six-month statute of limitations provided in Section 10(b) of the NLRA

3    (29 U.S.C. § 160(b)).

4         Plaintiff's claims against defendant B&W fail due to his failure to comply with the

5    grievance procedures provided in the Agreement and because he failed to allege unfair or bad

6    faith representation by his union.  *See DelCostello,* 462 U.S. at 165.  However, had plaintiff

7    complied with the grievance procedures or pursued this action also against the union, his claims

8    would still be barred due to his failure to bring this action within the six-month statute of

9    limitations provided for by Section 10(b) of the NLRA. (29 U.S.C. § 160(b)).

10        In *DelCostello,* employees under several separate cases brought actions under the

11   LMRA against employer for wrongful termination and against their employers and unions for

12   wrongful termination and breach of the duty of fair representation. The Supreme Court held that

13   the six-month limitations period in the NLRA for filing unfair labor practice charges is the statute

14   of limitations applicable to the employee's action against the employer and the union for breach

15   of the collective bargaining agreement and breach of the duty of fair representation in that such

16   action has no close analogy in ordinary state law, and that the NLRA Section 10(b) represented

17   a federal statute of limitations designed to accommodate a balance of all the relevant interests.

18   462 U.S. at 171.

19        Although the *DelCostello* case involved an action against the employer and the union,

20   the holding arrived at in *DelCostello* does not limit it to these claims and the six-month statute of

21   limitations has also been applied in cases where the employee is bringing a claim only against

22   the employer.[2]  *See DelCostello,* 462 U.S. at 171; *see also Cook v. Lindsay Olive Growers,* 911

23   F.2d 233, 237 (9th Cir.,1990); *see also Ycaza v. CT Transit-Stamford Div.,*  289 F.Supp.2d 180

24   (D.Conn.,2003).

25        In *Ycaza,* the plaintiff sought back pay allegedly due to him for a period of time when he

26   was suspended by his employer, defendant Connecticut Transit, because of a pending

27

28

---

[2] In cases where the plaintiff's proceeds only against the employer, he generally would not have standing, and/or the case would be subject to dismissal for failure to comply with the CBA's grievance procedures.

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

13

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1  complaint against Mr. Ycaza for sexual harassment. A CBA between Connecticut Transit and

2  Mr. Ycaza's union, the Amalgamated Transit Union (not named in the complaint), covered the

3  terms of Mr. Ycaza's pay and benefits. Pending the investigation of that complaint, the

4  defendant suspended the plaintiff without pay. During the investigation, representatives of the

5  defendant met with Mr. Ycaza and explained that, if he were found not guilty of sexual

6  harassment, he would be reinstated to his position and paid for lost time, pursuant to section

7  34(n) of the Agreement. However, because the defendant apparently thought that the plaintiff

8  had voluntarily resigned, no finding was ever made by Connecticut Transit that Mr. Ycaza was

9  "not guilty" of the complaint. In light of that, Mr. Ycaza was entitled to reinstatement of pay under

10  section 34(n) of the Agreement.

11       The Agreement also provided: "An employee who has been discharged, suspended or

12  otherwise disciplined may file a grievance within 10 days of the date of the final decision of the

13  company representative imposing the discipline." There was no evidence that Mr. Ycaza ever

14  filed a grievance concerning the circumstances surrounding his suspension, seeking pay

15  allegedly due him during the suspension, or asserting any right he allegedly had to be

16  reinstated.

17       Instead, Mr. Ycaza filed suit in Connecticut state court alleging a claim for back wages

18  under Conn. Gen.Stat. § 31-72. Connecticut Transit removed the case to federal court arguing

19  that plaintiff's cause of action was in fact preempted by the LMRA and filed for summary

20  judgment.

21       The *Ycaza* court, noting that in order to determine whether the plaintiff was entitled to

22  relief, the court would have to construe the CBA, plaintiff's claims were controlled by the LMRA

23  and that the act preempted Ycaza's claims for wages and benefits. *Ycaza,* 289 F.Supp.2d at

24  182; citing  *Wheeler v. Graco Trucking Corp.*, 985 F.2d 108, 112 (3d Cir.1993).

25  //

26  //

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

Therefore, all complaint would need to include allegations against the union, thus making all valid complaints subject to the six-month statute of limitation.

14

1      Concluding that plaintiff's claims were preempted by the LMRA, and citing to *DelCostello v. Int'l*

2      *Bhd. of Teamsters*, 462 U.S. at 163, the court held that claims against an employer for breach of

3      a CBA are subject to the six-month time limit of Section 10(b) of the NLRA, 29 U.S.C. § 160(b),

4      which begins to run when the plaintiff "discovers, or in the exercise of reasonable diligence,

5      should have discovered, the acts constituting the breach of duty." *Ycaza,* 289 F.Supp.3d at 183.

6          In the present case, plaintiff's complaint discloses that he was informed that he last

7      worked for defendant on March 27, 2006 when he suffered a heart attack and/or stroke on the

8      job, leading to his firing.  Plaintiff failed to file this complaint until March 27, 2007, approximately

9      a year after the incident.

10         Plaintiff's claims are preempted by the LMRA and are subject to the six-month statute of

11      limitations provided by Section 10(b) of the NLRA (29 U.S.C. § 160(b)).  Plaintiff failed to bring

12      his action within six months of the time he knew or should have known of acts on the part of

13      defendant that would be considered a breach of the Agreement.  Thus, any claim that plaintiff

14      may have been able to plead is now time barred.

15

16                          **IV.  CONCLUSION**

17         Based on the foregoing, defendant B&W respectfully asks that the court dismiss

18      plaintiff's complaint.

19      Dated:  September 5, 2007

20                            GALLOWAY, LUCCHESE, EVERSON &
                                     PICCHI

21

22

23                            By: /s/ Aaron T. Schultz _____
                              AARON T. SCHULTZ, ESQ.

24                            Attorneys for Defendant
                           BABCOCK & WILCOX CONSTRUCTION
                           CO., INC.

25

26

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

15

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1

**PROOF OF SERVICE**

2 I declare under penalty of perjury that:

3 I am a citizen of the United States and am employed in the County of Contra Costa.  I am over
the age of eighteen years and not a party to the within action.  My business address is 1676
4 North California Boulevard, Suite 500, Walnut Creek, CA  94596-4183.

5 On the date set forth below, I caused the attached:

6 **1.    NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO
       STATE A CLAIM (FED. RULE CIV. P. RULE 12(B)(6); MEMORANDUM OF POINTS
7       AND AUTHORITIES IN SUPPORT THEREOF;
   2.    DECLARATION OF AARON T. SCHULTZ (including Exhibit A);
8   3.    [PROPOSED] ORDER**

9 to be served on the parties to this action as follows:

10 **[ X ]    BY MAIL.**

11        I placed a true copy thereof, enclosed in a sealed envelope with postage thereon fully
       prepaid, in the United States mail at Walnut Creek, California, addressed to the parties
12       as set forth on the attached service list.  C.C.P. §§1013(a), 2015.5.

13 **[__]    BY COURIER SERVICE.**

14        I retained  CCX Couriers, Inc. of Walnut Creek, California, to personally serve a true
       copy thereof on the parties as set forth on the attached service list.  C.C.P. §§1011,
15       2015.5.

16 **[__]    BY UNITED PARCEL SERVICE.**

17        I retained **UNITED PARCEL SERVICE** to serve by overnight delivery a true copy thereof
       on the parties as set forth on the attached service list.  C.C.P. §§1013(c), 2015.5.
18

19 **[__]    BY FACSIMILE TRANSMISSION.**

20        I am readily familiar with this law firm's business practices for collection and processing
       of documents by way of facsimile.  I telefaxed a true copy thereof at said facsimile
21       number(s) as set forth on the attached service list.   C.C.P. §§1013(e), 2015.5 and
       C.R.C. §2008.
22

23 **[__]    BY PERSONAL SERVICE.**

24        I personally served a true copy thereof on the parties as set forth on the attached service
       list at .  C.C.P. §§1101, 2015.5.

25 Executed on September 5, 2007 at Walnut Creek, California.

26

                                                    /s/ Donna M. Anderson
27                                                    Donna M. Anderson

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

16

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT          220-8110/ATS/336129.doc

1    MCWHORTER V. B&W CONSTRUCTION COMPANY

2    USDC/NORTHERN DISTRICT COUNTY SUPERIOR COURT CASE NO. C 07-04341 JW

3                                    **SERVICE LIST**

4

5

6    John R. Waterman, Esq.                    Counsel for Plaintiff EDWARD L.A.
     Waterman Law                              McWHORTER
7    2950 Buskirk Avenue, Suite 315
     Walnut Creek, CA  94597
8    Fax:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

                                    17

_____
**C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**                    220-8110/ATS/336129.doc

1

## TABLE OF CONTENTS

2

3    NOTICE OF MOTION AND MOTION..................................................................................1

4    MEMORANDUM OF POINTS AND AUTHORITIES..................................................2-15

5    I.    STATEMENT OF ISSUES ...........................................................................2

6    II.    PROCEDURAL AND FACTUAL BACKGROUND ........................................2

7         A.    ALLEGATIONS OF THE COMPLAINT .............................................2

8         B.    THE COLLECTIVE BARGAINING AGREEMENT.............................3

9    III.    LAW AND ARGUMENT...............................................................................5

10         A.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE LABOR
               MANAGEMENT RELATIONS ACT AND MUST BE RESOLVED
11             ACCORDING TO THE TERMS CONTAINED WITHIN THE CBA.......................5

12             1.    The LMRA completely displaces state law claims arising out
                     of a CBA and creates federal claims in their place............................5
13
               2.    Plaintiff's breach of contract claims are preempted by the
14                   LMRA and must be evaluated based on the terms of the CBA. ......6

15             3.    Plaintiff's state law causes of action for breach of the Implied
                     Covenant of Good Faith and Fair Dealing, and breach of the
16                   Implied Covenant not to Terminate Except With Good Cause
                     are preempted by the LMRA. ................................................7
17
               4.    Plaintiff's claim for violations of California public policy is
18                   preempted by the LMRA.......................................................8

19             5.    Plaintiff's Emotional Distress Claims are preempted by the
                     LMRA...............................................................................9
20
          B.    THE COMPLAINT FAILS TO ALLEGE FACTS DEMONSTRATING
21             ADHERENCE TO THE GRIEVANCE PROCEDURES SET FORTH IN
               THE AGREEMENT AND THEREFORE SHOULD BE DISMISSED....................9
22
               1.    Plaintiff is required to comply with the grievance procedures
23                   set forth in the Agreement. .................................................10

24             2.    The CBA in force in this case provided a specific set of
                     procedures for bringing grievances against the defendant
25                   B&W, plaintiff has not alleged compliance with these
                     procedures and thus his claim should be dismissed. ......................11
26
          C.    PLAINTIFF LACKS STANDING TO SUE DEFENDANT B&W .........................11
27
          D.    PLAINTIFF'S CLAIMS AGAINST B&W ARE TIME BARRED........................12
28
     IV.    CONCLUSION .....................................................................................15

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

i

C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO
STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

220-8110/ATS/336129.doc

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Allis-Chalmers v. Lueck*, 471 U.S. 202 (1985) .............................................................6

4

*Aloisi v. Lockheed Martin Energy Systems, Inc.* 321 F.3d 551 (6th Cir. 2003) ..........................12

5

*Bacashihua v. United States Postal Serv.*, 859 F.2d 402 (6th Cir.1988)....................................12

6

*Bale v. General Telephone Co. of California,* 795 F.2d 775 (9th Cir. 1986)...............................5, 6

7

*Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283 (9th Cir.1989) ..................................6, 7, 9

8

*Cook v. Lindsay Olive Growers,* 911 F.2d 233 (9th Cir.,1990)......................................7, 13

9

*DelCostello v. International Broth. of Teamsters,* 462 U.S. 151 (1983) ...................11, 12, 13, 15

10

*Foley v. Interactive Data, Corp.*, 47 Cal.3d 654, 254 Cal.Rptr. 211 (1988)..............................8, 9

11

*Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern
      California,* 463 U.S. 1, 23 (1983) .........................................................................5

12

13

*Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir.1984), *cert. denied* .......................7

14

*Jackson v. So. Cal. Gas Co.*, 881 F.2d 638 (9th Cir.1989) ..............................................8

15

*Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399 (1988).........................................5

16

*Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Lucas
      Flour Co.* 369 U.S. 95 (1962) .............................................................................11

17

*Milne Employees Ass'n v. Sun Carriers,* 960 F.2d 1401, (C.A.9 (Cal.), 1991.).............................7

18

*Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142 (9th Cir.1988) .............................................7, 9

19

*Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743 (9th Cir.1993).........................................6

20

*Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965) .......................................................10, 11

21

*Smith v. Colgate-Palmolive Co.*, 943 F.2d 764 (7th Cir.1991) .............................................10, 11

22

*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980) ......................................................8

23

*Textile Workers v. Lincoln Mills*, 353 U.S. 448 (1957).........................................................5

24

*Wheeler v. Graco Trucking Corp.*, 985 F.2d 108, 112 (3d Cir.1993)...........................................14

25

*Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004) ....................................11

26

*Ycaza v. CT Transit-Stamford Div.,* 289 F.Supp.2d 180 (D.Conn.,2003)......................13, 14, 15

27

*Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir.1987).........................................7, 8

28

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA  94596
(925) 930-9090

ii

220-8110/ATS/336129.doc

**Statutes**

Code of Civil Procedure §415.30 ..................................................................................2

Federal Labor Management Relations Act §301 (29 U.S.C. 185)....................................... passim

Federal Rules of Civil Procedure Rule 12(b)(6) ...........................................................1

National Labor Relations Act §10(b). (29 U.S.C. § 160(b) ...............................2, 13, 15

GALLOWAY, LUCCHESE,
EVERSON & PICCHI
1676 North California Blvd.
Suite 500
Walnut Creek, CA 94596
(925) 930-9090

iii

**C07 04341 JW: NOTICE OF MOTION/MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

220-8110/ATS/336129.doc