IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Edward McWhorter, | NO. C 07-04341 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| Babcock & Wilcox Construction Co., Inc., | |
| Defendant. | |

## I.  INTRODUCTION

Edward McWhorter ("Plaintiff") brings this action against Babcock & Wilcox Construction Co., Inc. ("Defendant") for wrongful discharge. Presently before the Court is Defendant's Motion to Dismiss for Failure to State a Claim.[1] The Court conducted a hearing on December 10, 2007. Plaintiff failed to appear or otherwise defend the motion.[2] Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

---

[1] (hereafter, "Motion," Docket Item No. 7.)

[2] On September 5, 2007, Defendant noticed a Motion to Dismiss set for a hearing on October 15, 2007. Pursuant to the Civil Local Rules, Plaintiff's opposition was due on September 24, 2007. The Clerk moved the hearing to November 26, 2007. However, Plaintiff still had not filed an opposition by that date. The Court continued the hearing to December 10, 2007 at 9 AM. In the Order continuing the hearing, the Court warned Plaintiff that failure to file a timly opposition may result in a dismissal for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which is a dismissal on the merits. (See Docket Item No. 10.) At the December 10 hearing, counsel for Defendant represented to the Court that Plaintiff's counsel had indicated to him that he did not intend to file an opposition and would voluntary dismiss the action. To date, Plaintiff has failed to do so.

## II. BACKGROUND

In a Complaint filed on March 27, 2007,[3] Plaintiff alleges as follows:

Plaintiff was employed by Defendant pursuant to a Collective Bargaining Agreement ("CBA") between Defendant and the International Brotherhood of Boilermakers, Steel Shipbuilders, and Ironworkers ("Union"). (Complaint ¶ 6, Docket Item No. 1.) On March 27, 2006, Plaintiff suffered a heart attack while working for Defendant at the Duke Power Plant at Moss Landing, California. (Id ¶¶ 4, 9.) Plaintiff was terminated immediately after suffering the heart attack.

On the basis of the allegations outlined above, Plaintiff alleges five causes of action: 1) wrongful termination in violation of public policy; 2) breach of implied covenant of good faith and fair dealing; 3) breach of implied covenant not to terminate except with good cause; 4) intentional infliction of emotional distress; 5) breach of contract.

Presently before the Court is Defendant's motion to dismiss.

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

---

[3] Plaintiff filed the original Complaint in the Contra Costa County Superior Court. On August 22, 2007, Defendant removed the action to the Northern District of California based on diversity of citizenship. (See Docket Item No. 1.)

2

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

Defendant moves to dismiss on the grounds that Plaintiff's claims are preempted by the Labor Management Relations Act ("LMRA"). Under the LMRA, Plaintiff's action is subject to a six month statute of limitations.

Under certain circumstances, Section 301 of the LMRA may trigger complete preemption of state law claims. Section 301(a) of the LMRA establishes federal jurisdiction for "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185. Section 301 covers claims arising directly from rights created by a collective bargaining agreement and claims "substantially dependent on analysis of a collective-bargaining agreement." Caterpiller, Inc. v. Williams, 482 U.S. 386, 394 (1987). Thus, the broad preemptive scope of Section 301 displaces any application of state law that requires interpretation of a CBA. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988).

However, not every suit concerning employment and termination is preempted by Section 301. LMRA preemption does not apply to "non-negotiable state-law rights ... independent of any right established by contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 212 (1985). Independent state-law rights are those rights that "can be enforced without any need to rely on a particular term, explicit or implied, contained in the labor agreement." Miller v. AT & T, 850 F.2d 543, 546 (9th Cir. 1998).

In this case, Plaintiff admits that his employment was governed by the CBA between the Union and the Defendant. (Complaint ¶ 6). Plaintiff's claim for wrongful termination necessarily depends on the interpretation of the CBA's termination provisions. Plaintiff's claims for breach of

3

contract and breach of implied covenants similarly depend on the terms of the agreement and the duties articulated therein. Plaintiff's claim for intentional infliction of emotional distress is premised on Defendant's alleged bad faith violation of the CBA. As in <u>Allis-Chalmers</u>, resolution of that claim depends on a finding that Defendant acted in a manner inconsistent with the provisions of the CBA. Accordingly, the Court finds that Plaintiff's claims are based on interpretation of the CBA and thus preempted by LMRA.

A preempted claim must be either dismissed or recast as a claim under the LMRA. <u>Allis-Chalmers Corp.</u>, 471 U.S. at 220. Under the LMRA, the statute of limitations is six months. 29 U.S.C. § 160(b); <u>see also</u> <u>Delcostello v. International Brotherhood of Teamsters</u>, 462 U.S. 151, 154-155 (1983). In this case, Plaintiff alleges he was wrongfully terminated on March 26, 2006. (Complaint ¶ 9.) Plaintiff does not identify any actions taken by Defendant or any events relevant to this claim that occurred after this date. Plaintiff filed his action on March 27, 2007, one year after his claim arose. Plaintiff's claim is thus barred because it was brought more than six months after his cause of action arose.

## V.  CONCLUSION

The Court GRANTS Plaintiff's Motion to Dismiss with prejudice. In addition, as stated at the hearing, the Court will entertain Defendant's motion for sanctions in light of Plaintiff's actions. Defendant shall file its motion for sanction within twenty (20) days from the date of this Order and notice it for a hearing in accordance with the Civil Local Rules of Court.   The motion shall include the proper declaration to support the amount requested.

Judgment will be entered upon consideration of any request for sanctions.

Dated: February 22, 2008

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron Thomas Schultz aschultz@glattys.com
John Waterman jwaterman@clappmoroney.com
Joseph Edward Finkel jfinkel@glattys.com
Martin J. Everson meverson@glattys.com

**Dated:  February 22, 2008**             **Richard W. Wieking, Clerk**

                                          **By:   /s/ JW Chambers            **
                                                  **Elizabeth Garcia**
                                                  **Courtroom Deputy**